**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In Re:                                                       **CASE NO.:  20-20024-BKC-EPK**
                                                             **Chapter 7**
**TM HEALTHCARE HOLDINGS, LLC, et al[1]**    **(Jointly Administered)**

           **Debtors.**
_____/
**MICHAEL R. BAKST, TRUSTEE IN BANKRUPTCY**
**FOR TM HEALTHCARE HOLDINGS, LLC, et al[2]**

        **Plaintiff,**
**vs.**

**INCONTACT, INC.,**                          **Adv. Case No.**
**A Delaware corporation,**

        **Defendant.**

_____/

### TRUSTEE'S COMPLAINT TO AVOID AND RECOVER  PREFERENTIAL AND/OR FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND FLORIDA STATUTES § 726; AND FOR UNJUST ENRICHMENT

The Plaintiff, Michael R. Bakst, Trustee (the "Trustee" or "Plaintiff") in Bankruptcy for TM

Healthcare Holdings, LLC, et al, the jointly administered Debtors herein (collectively the "Debtors"

or each individually a "Debtor") by and through undersigned counsel, hereby sues the Defendant,

inContact Inc., a Delaware Profit Corporation (hereinafter referred to as "Defendant") pursuant to

---

1 The "Debtors" in these chapter 7 cases, along with the case number for each Debtor, are:  TM Healthcare Holdings, LLC (20-20024-EPK), Golden Gate Holding Company, LLC (20-20027-EPK), Pacific Addiction and Treatment Company, LLC (20-20028-EPK), SoCal Addiction & Treatment Company, LLC (20-20029-EPK), West Coast Recovery Center, LLC (20-20032-EPK), West Coast Wellness Centers, LLC (20-20029-EPK), Golden Gate Employment Services, LLC (20-20037-EPK), Bass Holding Company, LLC (20-20038-EPK), Treatment Management Company, LLC (20-20025-EPK), Wellness Management Company, LLC (20-20036-EPK), Wellness Counseling & Residential Detoxification Services, LLC (20-20026-EPK), and Bass Employment Services, LLC (20-20040-EPK).

2 See note 1, *Infra.*

1

Bankruptcy Rule 7001, and alleges:

## GENERAL ALLEGATIONS

1.       This is an adversary proceeding brought by Michael R. Bakst, Trustee in Bankruptcy for the jointly administered Debtors to avoid and recover preferential and/or fraudulent transfers pursuant to 11 U.S.C. §§ 544, 547, 548, and 550[3], and section 726, Florida Statutes, and for unjust enrichment.

2.       This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §157 and 1334(b).

3.       This a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(E)(F) and (H).

4.       The venue of this proceeding is properly before this Court pursuant to 28 U.S.C. §1409.

5.       On September 17, 2020 (the "Petition Date"), each of the Debtors filed a separate voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Court").

6.       On the Petition Date, the Court ordered that Debtors' bankruptcy cases be jointly administered, designating as the "lead case" the case styled *In re TM Healthcare Holdings, LLC*, No.

---

3 Plaintiff reserves the right to bring additional claims against the Defendant and nothing contained herein shall be deemed a waiver of any rights or causes of action that the Trustee or the estates may have against the Defendant.  Also, to the extent that the Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from a Debtor or a Debtor's estate (collectively the "Claims"), Plaintiff reserves the right to object to such Claims for any reason, including, but not limited to 11 U.S.C. §502 (a) – (j),  and this Complaint is not intended to be, nor should it be construed as, a waiver of such right.

20-20024-EPK. Herein, the jointly-administered cases under chapter 11 are referred to as the "Chapter 11".

7.       On March 5, 2021, Debtor filed a *Motion to Convert Chapter 11 Case to Chapter 7* [ECF No. 255]. On March 18, 2021 (the "Conversion Date"), the Court entered its *Order Converting Cases Under Chapter 11 to Cases Under Chapter 7* [ECF No. 288] (the "Conversion Order") converting Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

8.       On the Conversion Date, Michael R. Bakst was appointed Chapter 7 Trustee for Debtors' estates [ECF No. 290].

9.       The Defendant, inContact, Inc. is a Delaware corporation with its principal place of business in Sandy, Utah, and is otherwise *sui juris.*

10.      The Defendant received transfers from the Treatment Management Company, LLC Debtor and from the Wellness Counseling & Residential Detoxification Services, LLC Debtor within ninety (90) days prior to the Petition Date totaling forty five thousand, six hundred seventy-two dollars and thirty cents ($45,672.30)(the "Transfer(s)").[4]   Attached hereto as Exhibit "1" is a summary of the dates and amounts of the Transfer(s), as well as the particular Debtor(s) that made the Transfer(s) and the account from which the Transfer(s) were made.

---

[4] During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period or during the four years prior to the Petition Date, or that such transfers or any of the Transfers were for an obligation which was not a Debtor's obligation, but was an obligation of a non-debtor. It is Plaintiff's intention to avoid and recover all transfers made by a Debtor of an interest of the Debtor in property and to or for the benefit of the Defendant, or a non-debtor individual or entity, or any other transferee. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers/Transfers and or to amend the amounts of any Transfers, (iii) additional claims, counts, and/or causes of action, including, without limitation, claims for fraudulent transfers pursuant to 11 U.S.C. §§544, 548, 550, and applicable state law in the event that the Trustee discovers that any transfers by a Debtor to the Defendant were not on account of an obligation of a Debtor; (iv) modifications of and/or revisions to the Defendant's name, and/or (v) additional defendants that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for all such amendments to relate back to the date of the filing of this original Complaint.

11.     At the time(s) of the Transfer(s), the Treatment Management Company, LLC Debtor and the Wellness Counseling & Residential Detoxification Services, LLC Debtor were generally not paying their debts as they became due.

12.     At the time(s) of the Transfer(s), each of the Debtors were generally not paying their debts as they became due.

13.     At the time(s) of such Transfer(s), pursuant to section 101(32) of the Bankruptcy Code, and as specifically defined therein, the Treatment Management Company, LLC Debtor and the Wellness Counseling & Residential Detoxification Services, LLC Debtor were insolvent in that the sum of their debts was greater than the sum of all of their respective assets, or the Treatment Management Company, LLC Debtor and the Wellness Counseling & Residential Detoxification Services, LLC Debtor were otherwise insolvent.

14.     At the time(s) of such Transfer(s), pursuant to section 101(32) of the Bankruptcy Code, and as specifically defined therein, each of the Debtors were insolvent in that the sum of each of their debts was greater than the sum of all of their respective assets, or each of the Debtors was otherwise insolvent.

15.     The Debtors were insolvent during this time on a consolidated basis.

16.     Pursuant to 11 U.S.C. §547(g), for purposes of Count I below, each of the Debtors is presumed to have been insolvent within the 90 days prior to the Petition Date.  Accordingly, the Transfer(s) were made at a time when the Treatment Management Company, LLC Debtor and the Wellness Counseling & Residential Detoxification Services, LLC Debtor were presumed to have been insolvent.

17.     At the time(s) of the Transfers, the Treatment Management Company, LLC Debtor

4

and the Wellness Counseling & Residential Detoxification Services, LLC Debtor were insolvent or became insolvent as a result of the Transfers as defined within 11 U.S.C.§101(32). For all relevant times in this action, the Treatment Management Company, LLC Debtor and the Wellness Counseling & Residential Detoxification Services, LLC Debtor were indebted to creditors in an amount of money in excess of the amount of the Transfers for an amount of liabilities of at least $58,000,000.00 owed by each. The total of the Debtors' assets were, at most, $35,000,000.00 for  Treatment Management Company, LLC (accounting for promissory notes by its principals), and  $3,760,995.63 for Wellness Counseling & Residential Detoxification Services, LLC as reflected on its Schedule A/B.  Such debts that existed at the time(s) of the Transfers include, but are not limited to: for Treatment Management Company, LLC, $57,000,000.00 to Keybank, $64,578.60 to Daniel and Sheila Ascani, and $182,000.00 to Essie Yvonne Murphy, among others; and Wellness Counseling & Residential Detoxification Services, LLC owing $57,000,000.00 to Keybank, and $178,307.20 to Advanced Data Systems Corp, among others, for a total amount of unsecured claims in the amount of at least $424,885.80 without including Keybank's unsecured portion of its claim.

18.     Prior to bringing this action, the Trustee has conducted an investigation into any potential defenses pursuant to 11 U.S.C. § 547(c) and is not aware of any that would apply to the Transfers at issue here. The Trustee has not obtained sufficient evidence of any applicable defenses that the Defendant could assert pursuant to 11 U.S.C. § 547(c), or any other provisions of 11 U.S.C. §547.

19.     The Trustee is bringing this action based on reasonable due diligence in the circumstances of the case and taking into account the Defendant's known or reasonably knowable affirmative defenses under 11 U.S.C. §547(c).

20.    On July 14, 2022, the Trustee sent a demand letter to Defendant, advising the Defendant of the bankruptcy filing and to demand payment of forty five thousand, six hundred seventy-two dollars and thirty cents ($45,672.30) to be paid within twenty (20) days from the date of receipt of the letter, or alternatively requesting that the Defendant respond and advise of any asserted defenses to the avoidance of the Transfer(s), along with proof of such defenses.  A true and correct copy of the demand letter is attached as Exhibit "2".

### COUNT I - PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. § 547

21.    The Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

22.    The Transfer(s) referenced above in the total amount of at least $45,672.30 to the Defendant from the Debtors:

> (a)    were for the benefit of a creditor of the Debtors;
>
> (b)    were for or on account of an antecedent debt owed by one or more of the Debtors before the dates of the Transfers;
>
> (c)    were made while the Debtors were insolvent;
>
> (d)    were made on or within ninety (90) days of the date of the filing of the bankruptcy petition, or within one (1) year to or for the benefit of an insider;
>
> (e)    enabled the Defendant to receive more than they would receive if the case was filed under Chapter 7 of Title 11, the Transfers had not been made, and the Defendant received payment of their debts to the extent provided under the provisions of Title 11 of the Bankruptcy Code, as more specifically set forth within 11 U.S.C. §547(b)(5).

22.    The Defendant was the initial transferee or the entity for whose benefit the Transfers were made, and as a result, the Plaintiff is entitled to recover these Transfers from the Defendant pursuant to 11 U.S.C. §550(a)(1).  Alternatively, the Defendant is an immediate or mediate transferee of the initial transferee for whose benefit the Transfers were made, and as a result, the

Plaintiff is entitled to recover these Transfers from the Defendant pursuant to 11 U.S.C. §550(a)(2).

**WHEREFORE**, the Plaintiff, Michael R. Bakst, as Trustee in Bankruptcy for the jointly administered estates of the Debtors, TM Healthcare Holdings, LLC, et al, by and through undersigned counsel, requests that the Court enter a judgment setting aside and avoiding the subject preferential Transfers pursuant to 11 U.S.C. § 547 and §550 in the amount of at least $45,672.30, whereby such Transfers shall be found to be avoided preferential Transfers, that a judgment be entered in favor of the Plaintiff, Michael R. Bakst, as Trustee in Bankruptcy for TM Healthcare Holdings, LLC, et al, against the Defendant, inContact, Inc. in the amount of at least $45,672.30, plus court costs and interest from the date of the Trustee's demand for payment of July 14, 2022, and that the Court grant such other an dfurther relief as the Court deems just and proper.

### COUNT II - AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 548(a)(1)(B) OF THE BANKRUPTCY CODE

23.     Plaintiff restates and re-alleges paragraphs 1 through 20 as if fully set forth herein.

24.     This Count is pled in the alternative, in the event that the Court does not find that the Transfer(s) were avoidable preferential transfers under 11 U.S.C. §547 as set forth above, in which case, the Trustee would seek under this Count to avoid all transfers (including the Transfers) by a Debtor to the Defendant which occurred within two years prior to the filing of the Petition, as set forth on the attached Exhibit "3."

25.     Pursuant to 11 U.S.C. §548(a)(1)(B) and/or 11 U.S.C. §544, a Trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years (under Section 548 of the Bankruptcy Code) before the date of the filing of the petition, if the debtor voluntarily or involuntarily –

(B)     (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii)     (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

26.     Further, pursuant to 11 U.S.C. §550, in a fraudulent transfer action commenced under Sections 544 and 548 of the Bankruptcy Code, the Trustee may recover, for the benefit of the estate, the property transferred or an obligation incurred, or, if the Court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; and (2) any immediate or mediate transferee of such initial transferee, *i.e.*, any and all subsequent transferees.

27.     The Transfer(s) and those of the transfers on the Exhibit "3" attached hereto occurring within two years prior to the Petition Date (collectively the "Two Year Transfers"), constitute transfers of an interest of the Debtors in property and/or obligation incurred by the Debtor(s), which are avoidable under 11 U.S.C. §548(a)(1)(B) as constructively fraudulent.

28.     The Debtors did not receive reasonably equivalent value for the Two Year Transfers and at the times of the Two Year Transfers, the Debtor(s) (i) were insolvent or became insolvent as a result thereof; (ii) were engaged or were about to engage in a business or transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction; or

8

(iii) intended to incur, or believed or reasonably should have believed, that the Debtors would incur debts beyond their ability to pay as they came due.

29.    Defendant was the initial transferee or the entity for whose benefit the Two Year Transfers were made or incurred, and as a result, the Trustee is entitled to avoid and recover the Two Year Transfers from the Defendant under 11 U.S.C. §548(a)(1)(B) as constructively fraudulent transfers.

30.    Alternatively, the Defendant is the immediate or mediate (subsequent) transferee of the initial transferee for whose benefit the Two Year Transfers were made or incurred, and as a result, the Trustee is entitled to recover these transfers as referenced above from Defendant pursuant to 11 U.S.C. §548(a)(1)(B) and 11 U.S.C. §550(a)(2).

31.    Therefore, in accordance with 11 U.S.C. §550(a), the recovery of property for the benefit of the Estate is authorized to the extent that the Two Year Transfers are avoided under 11 U.S.C. §548(a)(1)(B).

**WHEREFORE**, Plaintiff, Michael R. Bakst, as Trustee in Bankruptcy for the jointly administered estates of the Debtors, TM Healthcare Holdings, LLC, et al,  demands the entry of judgment against Defendant, inContact, Inc. (a) determining that each of the Two Year Transfers totaling at least $465,022.04 are fraudulent and avoidable under 11 U.S.C. §548(a)(1)(B); (b) avoiding and recovering each of the Two Year Transfers and entering monetary judgment in favor of Plaintiff against Defendant, inContact, Inc., in the aggregate amount of at least $465,022.04, or in such amounts as are determined at trial, or the value of thereof, and as otherwise detailed in the amounts set forth herein, plus pre-judgment interest from the dates of the transfers and post-judgment interest, plus costs of suit, all pursuant to 11 U.S.C. §550; (c) disallowing any claim that

Defendant, inContact, Inc., may have against the Estates of the Debtors, including without limitation, pursuant to and as provided in 11 U.S.C. §502(d); and (d) for such other and further relief as the Court deems just and proper.

## COUNT III - AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.105(1)(b) OF THE FLORIDA STATUTES

32.     Plaintiff restates and re-alleges paragraphs 1 through 20 as is fully set forth herein.

33.     This Count is pled in the alternative, in the event that the Court does not find that the Transfer(s) were avoidable preferential transfers under 11 U.S.C. §547 as set forth above, in which case, the Trustee would seek under this Count to avoid all transfers (including the Transfers) by a Debtor to the Defendant which occurred within four years prior to the filing of the Petition, as set forth on the attached Exhibit "3" (the "Four Year Transfers").

34.     Pursuant to 11 U.S.C. §544(b), the Trustee may avoid any transfer of an interest of the Debtors in property or any obligation incurred by the Debtors that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of this title or that is not allowable only under §502(e) of this title.

35.     Section 726.105(1)(b), Florida Statutes, provides:

(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(b) Without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor:

(1) Was engaged or was about to engage in a business or a transaction for which the remaining

> assets of the debtor were unreasonably small in
> relation to the business or transaction; or
>
> (2) Intended to incur, or believed or reasonably
> should have believed that he or she would incur,
> debts beyond his or her ability to pay as they
> became due.

36.     Further, pursuant to 11 U.S.C. §550, in a fraudulent transfer action commenced under Chapter 726 of the Florida Statutes, the Trustee may recover, for the benefit of the estate, the property transferred, or, if the Court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; and (2) any immediate or mediate transferee of such initial transferee, i.e., any and all subsequent transferees.

37.      During all relevant times, various creditors with allowable unsecured claims in this case could have avoided the Four Year Transfers under section 726.105(1)(b), Florida Statutes.

38.     The Four Year Transfers were made without the Debtors receiving reasonably equivalent value in exchange for the Four Year Transfers pursuant to §726.105(1)(b), Florida Statutes.

39.     At the time(s) of the Four Year Transfers, the Debtors were engaged or were about to engage in a business or a transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transactions in which the Debtors were engaged.

40.     At the times of the Four Year Transfers, the Debtors had incurred debts beyond their ability to pay as they became due.

41.     As set forth above, the Debtors were otherwise insolvent at the time(s) of the Four Year Transfers.

11

42.     As a result of the Four Year Transfers, the Trustee has been damaged pursuant to 11 U.S.C. §544(b) for the total value of the Four Year Transfers.

43.     Defendant was the initial transferee or the entity for whose benefit the Four Year Transfers were made, and as a result, the Trustee is entitled to avoid and recover the Four Year Transfers from the Defendant under 11 U.S.C. §544 of the Bankruptcy Code and §726.105(1)(b) of the Florida Statutes as constructively fraudulent transfers.

44.     Alternatively, Defendant is the immediate or mediate (subsequent) transferee of the initial transferee for whose benefit the Four Year Transfers were made, and as a result, the Trustee is entitled to recover these transfers as referenced above from the Defendant pursuant to §726.105(1)(b) of the Florida Statutes and 11 U.S.C. §550(a)(2).

45.     Therefore, in accordance with 11 U.S.C. §550(a), the recovery of property for the benefit of the Estates is authorized to the extent that the respective Four Year Transfers are avoided under §726.105(1)(b) of the Florida Statutes.

**WHEREFORE**, Plaintiff, Michael R. Bakst, Chapter 7 Trustee of the jointly administered estates of the Debtors, TM Healthcare Holdings, LLC, et al, demands the entry of judgment against Defendant, inContact, Inc. (a) determining that each of the Four Year Transfers are fraudulent and avoidable under 11 U.S.C. §726.105(1)(b), Fla. Stats.; (b) avoiding and recovering the Four Year Transfers and entering monetary judgment in favor of Plaintiff against Defendant, inContact, Inc., in the aggregate amount of at least $596,821.89, or in such amounts as are determined at trial, or the value of thereof, and as otherwise detailed in the amounts set forth herein, plus pre-judgment interest from the date of the transfers and post-judgment interest, plus costs of suit, all pursuant to 11 U.S.C. §550; (c) disallowing any claim that Defendant, inContact, Inc., may have against the Estates of the

Debtors, including without limitation, pursuant to and as provided in 11 U.S.C. §502(d); and (d) for such other and further relief as the Court deems just and proper.

**COUNT IV- AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE
AND SECTION 726.106(1) OF THE FLORIDA STATUTES**

46.     Plaintiff restates and re-alleges paragraphs 1 through 20 as fully set forth therein.

47.     This Count is pled in the alternative, in the event that the Court does not find that the Transfer(s) were avoidable preferential transfers under 11 U.S.C. §547 as set forth above, in which case, the Trustee would seek under this Count to avoid all transfers (including the Transfers) by a Debtor to the Defendant which occurred within four years prior to the filing of the Petition, as set forth on the attached Exhibit "3" (the "Four Year Transfers").

48.     Pursuant to 11 U.S.C. §544(b), the Trustee may avoid any transfer of an interest of the Debtors in property or any obligation incurred by the Debtors that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of Title 11 or that is not allowable only under §502(e) of this title.

49.     Section 726.106(1), Florida Statutes, provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

50.     During all relevant times, various creditors with allowable unsecured claims in this this Bankruptcy Case could have avoided the Four Year Transfers under section 726.106(1), Florida Statutes.

13

51.     The Four Year Transfers were made without the Debtors receiving reasonably equivalent value in exchange for such transfers pursuant to §726.106(1), Florida Statutes.

52.     As set forth above, at the time(s) of the Four Year Transfers, the Debtors was insolvent or became insolvent as a result of the Transfers.

53.     At the time(s) of the Four Year Transfers, the Debtors were indebted to creditors in an amount in excess of such transfers.

54.     As a result of the Four Year Transfers, the Trustee and the Estates have been damaged pursuant to 11 U.S.C. § 544(b) for the total value of the Four Year Transfers.

55.     Defendant was the initial transferee or the entity for whose benefit the Four Year Transfers were made, and as a result, the Trustee is entitled to recover the Four Year Transfers pursuant to 11 U.S.C. § 550(a)(1).  Alternatively, the Defendant is the immediate or mediate (subsequent) transferee of the initial transferee for whose benefit the Four Year Transfers were made, and as a result, the Trustee is entitled to recover the Four Year Transfers as referenced above from Defendant pursuant to §726.106(1), Florida Statutes and 11 U.S.C. §550(a)(2).

56.     As a result of the above, the Trustee can avoid the Four Year Transfers pursuant to Sections 544 of the Bankruptcy Code and Chapter 726 of the Florida Statutes, and recover the value thereof for the benefit of the estate pursuant to Section 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Michael R. Bakst, Chapter 7 Trustee of the jointly administered estates of the Debtors, TM Healthcare Holdings, LLC, et al, demands the entry of judgment against Defendant, inContact, Inc., (a) determining that each of the Four Year Transfers are fraudulent and avoidable under 11 U.S.C. §726.106(1), Fla. Stats.; (b) avoiding and recovering the Four Year Transfers and entering monetary judgment in favor of Plaintiff against Defendant, inContact, Inc., in

14

the aggregate amount of at least $596,821.89, or in such amounts as are determined at trial, or the

value of thereof, and as otherwise detailed in the amounts set forth herein, plus pre-judgment interest

from the dates of the transfers and post-judgment interest, and costs of suit, all pursuant to 11 U.S.C.

§550; (c) disallowing any claim that Defendant, inContact, Inc., may have against the Estates of the

Debtors, including without limitation, pursuant to and as provided in 11 U.S.C. §502(d); and (d) for

such other and further relief as the Court deems just and proper.

**COUNT V - RECOVERY OF AVOIDED TRANSFERS
PURSUANT TO 11 U.S.C. §550**

57.      The Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

58.      This count is pled as an effectuating account where to whatever extent the Court

deems it necessary for the Plaintiff to specifically seek to recover any avoided transfer pursuant to a

separately pled count, this count is being separately pled.

59.      Upon the Court setting aside and avoiding the transfers referenced in the preceding

counts, the Plaintiff seeks to recover such transfers pursuant to 11 U.S.C. §550.

WHEREFORE, the Plaintiff, Michael R. Bakst, Chapter 7 Trustee of the jointly administered

estates of the Debtors, TM Healthcare Holdings, LLC, et al, by and through undersigned counsel,

respectfully requests that the Court enter judgment against the Defendant, inContact, Inc.,  for at least

$596,821.89, as the initial transferee for whose benefit the transfers referenced above were made,

and as a result, the Plaintiff is entitled to recover the transfers totaling at least $ 596,821.89 pursuant

to 11 U.S.C. §550(a)(1).  Alternatively, the Defendant, inContact, Inc., was the immediate or mediate

transferee or the initial transferee for whose benefit the transfers were made, and as a result, the

Plaintiff is entitled to recover these transfers as referenced above in the total amount of at least

15

$596,821.89 from the Defendant, inContact, Inc., pursuant to 11 U.S.C. §550(a)(2).

## **COUNT VI – UNJUST ENRICHMENT**

60.     The Plaintiff re-alleges paragraphs 1 through 20 as if fully set forth herein.

61.     This Count is pled in the alternative, in the event that the Court does not find that the Transfer(s) were avoidable preferential transfers under 11 U.S.C. §547 as set forth above, in which case, the Trustee would seek under this Count to avoid all transfers (including the Transfers) by a Debtor to the Defendant which occurred within four years prior to the filing of the Petition, as set forth on the attached Exhibit "3" (the "Four Year Transfers").

62.     The Debtors conferred a benefit upon the Defendant when it paid to the Defendant the Four Year Transfers.

63.     Such benefit was not intended to be gifts, and if they were, they were  transfers without the receipt of reasonably equivalent value and are still avoidable and recoverable.

64.     The Defendant was aware of the benefit conferred upon it by the Debtors, particularly because it accepted the Four Year Transfers.

65.     The Defendant voluntarily accepted and retained the benefit, without paying for the full value of the Four Year Transfers.

66.     It would be inequitable for the Defendant to retain the benefit of the Four Year Transfers without paying the value thereof to the Plaintiff, particularly given the Debtors' dire financial condition and inability to pay their debts.

WHEREFORE, the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for the jointly administered estates of TM Healthcare Holdings, LLC, et al, by and through undersigned counsel, respectfully requests that the Court (a) enter a judgment in his favor against the Defendant,

inContact, Inc., determining that inContact, Inc. was unjustly enriched by its receipt and retention of the Four Year Transfers; (b) entering judgment in favor of the Plaintiff and against inContact, Inc., for the Four Year Transfers or their value, totaling at least $596,821.89, or such amounts as may be determined at trial, plus award pre-judgment interest from the date that the value should have been paid to the Debtors, in addition to post judgment interest at the statutory rate, costs of suit and (c) for such other and further relief as this Court deems just and proper.

Dated:   September 16, 2022

Respectfully submitted,
**GREENSPOON MARDER, LLP**
*Counsel for Chapter 7 Trustee*
CityPlace Tower
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
Tel: (561) 838-4557
Fax: (561) 514-3457

By:  */s/  Rilyn A. Carnahan*
Rilyn A. Carnahan, Esq.
Fla. Bar No. 614831
Email: rilyn.carnahan@gmlaw.com

17

| Payee | Transferring Entity | Debtor Bank Account | Date | Document Number | Total |
|---|---|---|---|---|---|
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 07/31/20 | EFT 7.31.20 inContact, Inc | (11,589.13) |
| | | Operating #9985 | 08/14/20 | EFT 8.14.20 inContact, Inc | (23,362.72) |
| | **Treatment Management Company, LLC Total** | | | | **(34,951.85)** |
| | Wellness Counseling & Residential Detoxification Services, LLC | Operating #1258 | 07/10/20 | EFT 7.10.20 inContact, Inc | (10,720.45) |
| | **Wellness Counseling & Residential Detoxification Services, LLC Total** | | | | **(10,720.45)** |
| **inContact, Inc Total** | | | | | **(45,672.30)** |

**EXHIBIT "1"**



August 01, 2020 through August 31, 2020
Primary Account: ██████████ **9985**

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|



| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 08/14 | Fedwire Debit Via: Citibank Nyc/021000089 A/C: Incontact, Inc. US Ref: Inv 6613955, 6594753/Time/16:57 Imad: 0814B1Qgc03C010156 Tm: 5070000227Jo | 23,362.72 |

**Total Electronic Withdrawals** **$566,977.86**

## OTHER WITHDRAWALS, FEES & CHARGES

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 08/17 | Account Analysis Settlement Charge | $11,658.62 |
| | **Total Other Withdrawals, Fees & Charges** | **$11,658.62** |

Your service charges, fees and earnings credit have been calculated through account analysis.

## DAILY ENDING BALANCE

| DATE | AMOUNT | DATE | AMOUNT |
|------|--------|------|--------|
| 08/03 | $10,487.35 | 08/12 | 281.08 |
| 08/04 | 8,866.08 | 08/14 | 2,421.36 |
| 08/05 | 16,531.08 | 08/17 | -6,646.22 |
| 08/06 | 281.08 | 08/18 | 5,012.40 |
| 08/07 | 281.08 | 08/26 | 20,012.40 |
| 08/11 | 498,947.19 | | |



July 01, 2020 through July 31, 2020
Primary Account: **9985**

## COMMERCIAL CHECKING

TREATMENT MANAGEMENT COMPANY, LLC                    Account Number: 9985

## CHECKING SUMMARY

|  | INSTANCES | AMOUNT |
|---|---|---|
| **Beginning Balance** |  | **$0.00** |
| Deposits and Additions | 5 | 46,461.92 |
| Electronic Withdrawals | 3 | - 23,910.13 |
| Other Withdrawals, Fees & Charges | 1 | - 11,692.39 |
| **Ending Balance** | **9** | **$10,859.40** |

## DEPOSITS AND ADDITIONS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
|  |  |  |
| **Total Deposits and Additions** |  | **$46,461.92** |

## ELECTRONIC WITHDRAWALS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
|  |  |  |
| 07/31 | Fedwire Debit Via: Citibank Nyc/021000089 A/C: Incontact, Inc. US Ref:/Time/16:21 Imad: 0731B1Qgc02C022051 Trn: 5266600213Jo | 11,589.13 |
|  |  |  |
| **Total Electronic Withdrawals** |  | **$23,910.13** |

## OTHER WITHDRAWALS, FEES & CHARGES

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 07/15 | Account Analysis Settlement Charge | $11,692.39 |
| **Total Other Withdrawals, Fees & Charges** |  | **$11,692.39** |

Your service charges, fees and earnings credit have been calculated through account analysis.



## ELECTRONIC WITHDRAWALS *(continued)*

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 07/10 | Fedwire Debit Via: Citibank Nyc/021000089 A/C: Incontact, Inc. US Ref:/Time/15:10 Imad: 0710B1Qgc06C013975 Trn: 4052600192Jo | 10,720.45 |

## MICHAEL R. BAKST, TRUSTEE

### UNITED STATES BANKRUPTCY TRUSTEE

P.O. Box 407
West Palm Beach, FL 33402

TELEPHONE 561.838.4539
FACSIMILE 561.514.3423
E-MAIL baksttrustee@gmlaw.com

July 14, 2022

**VIA Regular U.S. Mail**
Incontact, Inc
Lockbox Payment Center #5450
PO Box 410468
Salt Lake City, UT 84141

Incontact, Inc.
c/o Paul Jarman, Registered Agent
75 West Town Ridge Parkway, Tower 1
Sandy, UT 84070

Re:    TM Healthcare et al.
       Case No.: 20-20024-EPK

To Whom It May Concern:

On September 17, 2020, (the "Petition Date"), voluntary Chapter 11 bankruptcy petitions were filed in the Southern District of Florida on behalf of the following entities: Bass Employment Services, LLC; Bass Holding Company, LLC; Golden Gate Employment Services, LLC; Golden Gate Holding Company, LLC; Pacific Addiction and Treatment Company, LLC; SoCal Addiction & Treatment Company, LLC; TM Healthcare Holdings, LLC; Treatment Management Company, LLC; Wellness Counseling & Residential Detoxification Services, LLC; Wellness Management Company, LLC; West Coast Recovery Center, LLC; West Coast Wellness Centers, LLC (collectively the "Debtors"), which have been jointly administered under TM Healthcare Holdings, LLC; Case No. 20-20024-BKC-EPK, as the lead case. On March 18, 2021 (the "Conversion Date"), the jointly administered cases were converted to Chapter 7 bankruptcy proceedings and I was appointed as Chapter 7 Trustee.

It has come my attention that Incontact, Inc (or "you") that you have received transfer(s) from the Debtors within ninety (90) days prior to the Petition Date totaling $45,672.30 (the "Transfer(s)"). As such, the Transfers would qualify as avoidable preferential transfers pursuant to 11 U.S.C. §547. This letter is being sent to demand return of the $45,672.30 **within twenty (20) days from the date of this letter**. Your check should be made payable to Michael R. Bakst, Trustee in Bankruptcy for TM Healthcare Holdings, LLC, and should be sent to the attention of Michael R. Bakst, Trustee; P.O. Box 407; West Palm Beach, FL 33402.

If you believe that you have defenses to the avoidance of these Transfer(s), please provide proof of same, including, without limitation, copies of checks, wire transfer documents, promissory notes, contracts and other agreements with the Debtor(s), and invoices evidencing any products or inventory delivered, the date(s) of such deliveries, the date payment was due, and from

# EXHIBIT "2"

whom.  Otherwise, demand is hereby made for payment in the amount of $45,672.30.  If payment is not made and if you do not provide documents sufficient to evidence any defenses, I may have no other choice but to bring an adversary proceeding against you within the Bankruptcy Court here in the Southern District of Florida.

Be guided accordingly.

Very truly yours,

**MICHAEL R. BAKST, TRUSTEE**

By: _____

MICHAEL R. BAKST

| Payee | Transferring Entity | Debtor Bank Account | Date | Document Number | Total |
|---|---|---|---|---|---|
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 07/31/20 | EFT 7.31.20 inContact, Inc | (11,589.13) |
| | | Operating #9985 | 08/14/20 | EFT 8.14.20 inContact, Inc | (23,362.72) |
| | Treatment Management Company, LLC Total | | | | (34,951.85) |
| | Wellness Counseling & Residential Detoxification Services, LLC | Operating #1258 | 07/10/20 | EFT 7.10.20 inContact, Inc | (10,720.45) |
| | Wellness Counseling & Residential Detoxification Services, LLC Total | | | | (10,720.45) |
| inContact, Inc Total | | | | | (45,672.30) |

4-Year Transfers
9/18/2016 - 9/17/2020

| Payee | Transferring Entity | Debtor Bank Account | Date | Document Number | Total |
|---|---|---|---|---|---|
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 09/01/17 | 5184 | (55,117.64) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 09/15/17 | 5290 | (49,590.07) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 08/31/18 | 6673 | (24,092.14) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 10/23/18 | WIRE 10/23/18 TMC | (36,687.07) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 10/26/18 | WIRE 10/26/18 TMC | (18,500.00) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 11/13/18 | WIRE 11/13/18 TMC | (18,187.07) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 12/12/18 | WIRE 12/12/18 TMC | (24,463.63) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 12/28/18 | WIRE-122818 TMC | (24,422.52) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 01/30/19 | WIRE 1/30/19 INCONTACT- TMC | (23,041.32) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 03/11/19 | WIRE 3/11/19 INCONTACT- TMC | (22,985.37) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 04/10/19 | WIRE 4/10/19 TMC | (24,517.47) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 05/28/19 | WIRE 5/28/19 | (24,539.57) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 06/07/19 | WIRE 6.7.19 TMC-INC | (23,216.33) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 07/15/19 | WIRE 7.15.19 INCONTACT | (19,884.30) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 07/25/19 | WIRE 7.25.19 TMC | (20,934.16) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 09/10/19 | 7432 | (19,554.75) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 09/30/19 | WIRE 9.30.19 TMC- INCONTACT | (10,000.00) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 10/10/19 | WIRE 10.10.19 TMC-INCONT | (5,000.00) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 10/18/19 | WIRE 10.18.19 TMC | (4,554.75) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 10/30/19 | WIRE 10.30.19 TMC-INCONTACT | (18,243.65) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 11/29/19 | WIRE 11.29.19 | (15,156.05) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 01/28/20 | WIRE 1.28.20 TMC-INCONTACT | (15,156.05) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 02/13/20 | WIRE 2.13.20 INCONTACT-TMC | (15,097.77) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 07/31/20 | EFT 7.31.20 inContact, Inc | (11,589.13) |
| inContact, Inc | Treatment Management Company, LLC | Operating #9985 | 08/14/20 | EFT 8.14.20 inContact, Inc | (23,362.72) |
| | **Treatment Management Company, LLC Total** | | | | **(547,893.53)** |
| inContact, Inc | Wellness Counseling & Residential Detoxification Services, LLC | Operating #1258 | 03/25/20 | | (15,128.11) |
| inContact, Inc | Wellness Counseling & Residential Detoxification Services, LLC | Operating #1258 | 04/17/20 | inContact, Inc | (11,079.80) |
| inContact, Inc | Wellness Counseling & Residential Detoxification Services, LLC | Operating #1258 | 05/29/20 | EFT 5.29.20 Payment on account | (12,000.00) |
| inContact, Inc | Wellness Counseling & Residential Detoxification Services, LLC | Operating #1258 | 07/10/20 | EFT 7.10.20 inContact, Inc | (10,720.45) |
| | **Wellness Counseling & Residential Detoxification Services, LLC Total** | | | | **(48,928.36)** |
| **inContact, Inc Total** | | | | | **(596,821.89)** |

EXHIBIT "3"