**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In Re: | CASE NO.: 20-20024-BKC-EPK |
| | Chapter 7 |
| TM HEALTHCARE HOLDINGS, LLC, et al[1] | (Jointly Administered) |
| Debtors. | |
| _____/ | |
| MICHAEL R. BAKST, TRUSTEE IN BANKRUPTCY | |
| FOR TM HEALTHCARE HOLDINGS, LLC, et al[2] | |
| Plaintiff, | |
| vs. | |
| INCONTACT, INC., | Adv. Case No. 22-01256-EPK |
| A Delaware corporation, | |
| Defendant. | |
| And | |
| CITIBANK, N.A. A/K/A CITIGROUP, INC. | |
| A/K/A CITICORP LLC, | |
| Garnishee. | |
| _____/ | |

**PLAINTIFF/JUDGMENT CREDITOR, MICHAEL R. BAKST'S, FIRST NOTICE**
**IN GARNISHMENT PURSUANT TO FLORIDA STATUTE §77.041**

**TO:**  InContact, Inc.                         To the Attention of NRAI Services, Inc.
75 W. Towne Ridge Parkway    As Registered Agent for InContact, Inc.
Tower 1                                         1200 South Pine Island Road
Sandy, UT  84070                          Plantation, FL  33324

---

[1] The "Debtors" in these chapter 7 cases, along with the case number for each Debtor, are:  TM Healthcare Holdings, LLC (20-20024-EPK), Golden Gate Holding Company, LLC (20-20027-EPK), Pacific Addiction and Treatment Company, LLC (20-20028-EPK), SoCal Addiction & Treatment Company, LLC (20-20029-EPK), West Coast Recovery Center, LLC (20-20032-EPK), West Coast Wellness Centers, LLC (20-20029-EPK), Golden Gate Employment Services, LLC (20-20037-EPK), Bass Holding Company, LLC (20-20038-EPK), Treatment Management Company, LLC (20-20025-EPK), Wellness Management Company, LLC (20-20036-EPK), Wellness Counseling & Residential Detoxification Services, LLC (20-20026-EPK), and Bass Employment Services, LLC (20-20040-EPK).

[2] See note 1, *Infra*.

1

To the Attention of Paul Jarman
As CEO and Director of InContact, Inc.
75 West Town Ridge Parkway, Tower 1
Sandy, UT 84070

U.S. Trustee
51 S.W. First Avenue, Room 1204
Miami, FL 33130

Plaintiff/Judgment Creditor, Michael R. Bakst Chapter 7 Trustee (the "Plaintiff" or "Judgment Creditor"), by and through counsel, and pursuant to pursuant to Fla. Stat. §77.041 as made applicable to this proceeding by Rule 69(a) of the Fed. R. Civ. P., files this First Notice in Garnishment Pursuant to Florida Statute §77.041 (the "First Notice) and gives notice to the Defendant/Judgment Defendant, InContact, Inc. ("Judgment Defendant"), that a Writ of Garnishment was issued by Joseph Falzone, Clerk of the Court, United States Bankruptcy Court, Southern District of Florida, in the above-styled action. Attached to this First Notice are the following:

(1) Copy of Writ of Garnishment;

(2) Copy of Ex-Parte Motion by Plaintiff/Judgment Creditor, Michael R. Bakst, as Chapter 7 Trustee, for Issuance of Writ of Garnishment After Judgment Against Wells Fargo Bank;

**Dated this 2nd day of May 2023**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

          **GREENSPOON MARDER LLP**

          /s/ MICHAEL R. BAKST
          _____
          MICHAEL R. BAKST, ESQ.
          Florida Bar No: 866377
          Attorneys for Plaintiff/Trustee
          525 Okeechobee Blvd., Suite 900
          West Palm Beach, Fl 33401
          (561) 838-4523
          (561) 514-3423 (facsimile)
          michael.bakst@gmlaw,com

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF notification to all parties as indicated on the attached service list this 2nd day of May, 2023.

By: /s/ Michael R. Bakst
Michael R. Bakst, Esq.

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Michael R. Bakst**  efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386@gmlaw.com;Melissa.bird@gmlaw.com;efileu2831@gmlaw.com;efileu3214@gmlaw.com
- **Rilyn A Carnahan**  rilyn.carnahan@gmlaw.com, efileu1089@gmlaw.com;efileu2170@gmlaw.com;efileu1094@gmlaw.com;melissa.bird@gmlaw.com;efileu2831@gmlaw.com
- 

**Manual Notice List**

InContact, Inc.
75 W. Towne Ridge Parkway
Tower 1
Sandy, UT  84070

To the Attention of NRAI Services, Inc.
As Registered Agent for InContact, Inc.
1200 South Pine Island Road
Plantation, FL  33324

To the Attention of Paul Jarman
As CEO and Director of InContact, Inc.
75 West Town Ridge Parkway, Tower 1
Sandy, UT  84070

U.S. Trustee
51 S.W. First Avenue, Room 1204
Miami, FL 33130

29511-0585 emb
54254720v1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

TM HEALTHCARE HOLDINGS, LLC, et al[1]

    Debtors.
_____/

CASE NO.: 20-20024-BKC-EPK
Chapter 7
(Jointly Administered)

MICHAEL R. BAKST, TRUSTEE IN BANKRUPTCY
FOR TM HEALTHCARE HOLDINGS, LLC, et al[2]

    Plaintiff,
vs.

INCONTACT, INC.,
A Delaware corporation,

    Defendant.
_____/

Adv. Case No. 22-01256-EPK

And

CITIBANK, N.A. A/K/A CITIGROUP, INC.
A/K/A CITICORP LLC,

    Garnishee.
_____/

## EX PARTE MOTION BY PLAINTIFF/JUDGMENT CREDITOR, MICHAEL R. BAKST, TRUSTEE IN BANKRUPTCY FOR TM HEALTHCARE HOLDINGS, LLC, ET AL, FOR ISSUANCE OF WRIT OF GARNISHMENT AFTER JUDGMENT AGAINST CITIBANK, N.A. A/K/A CITIGROUP A/K/A CITICORP LLC

---

1 The "Debtors" in these chapter 7 cases, along with the case number for each Debtor, are: TM Healthcare Holdings, LLC (20-20024-EPK), Golden Gate Holding Company, LLC (20-20027-EPK), Pacific Addiction and Treatment Company, LLC (20-20028-EPK), SoCal Addiction & Treatment Company, LLC (20-20029-EPK), West Coast Recovery Center, LLC (20-20032-EPK), West Coast Wellness Centers, LLC (20-20029-EPK), Golden Gate Employment Services, LLC (20-20037-EPK), Bass Holding Company, LLC (20-20038-EPK), Treatment Management Company, LLC (20-20025-EPK), Wellness Management Company, LLC (20-20036-EPK), Wellness Counseling & Residential Detoxification Services, LLC (20-20026-EPK), and Bass Employment Services, LLC (20-20040-EPK).

2 See note 1, *Infra*.

54079889v1

Michael R. Bakst, Trustee in Bankruptcy for TM Healthcare Holding, LLC (the "Trustee" or "Judgment Creditor") by and through undersigned counsel, hereby files this *Ex Parte Motion By Plaintiff/Judgment Creditor for Issuance of Writ of Garnishment after Judgment Against Citibank, N.A. a/k/a Citigroup, Inc. a/k/a Citicorp LLC ("Citi" or "Garnishee")*. [the "Motion"], and moves this court to issue a Writ of Garnishment against Garnishee, Citi and states as follows:

1. On February 28, 2023, in this Adversary Proceeding, a *Default Final Judgment Against InContact, Inc., [ECF No. 16]* was entered by the Bankruptcy Court (the "Default Final Judgment") in the total amount of thirty-four thousand nine hundred fifty-one dollars and eighty-five cents ($34,951.85), together with costs in the amount of three hundred fifty dollars and zero cents ($350.00) for the cost of filing the Complaint for a total of thirty-five thousand three hundred one dollars and eighty-five cents ($35,301.85) in favor of the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Treatment Management Company, LLC and against inContact, Inc., a Delaware corporation, on Counts I and V of the Trustee's Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers Pursuant to 11 U.S.C. §§ 547and 550 and Florida Statutes § 726, and for Unjust Enrichment, [ECF No. 1] (the "Complaint"),

2. On February 28, 2023, in this Adversary Proceeding, the *Default Final Judgment Against InContact, Inc., [ECF No. 16]* was entered by the Bankruptcy Court (the "Default Final Judgment") in the amount of ten thousand seven hundred twenty dollars and forty-five cents ($10,720.45), in favor of the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Wellness Counseling & Residential Detoxification Services, LLC and against inContact, Inc., a Delaware corporation on Counts I and V of the Complaint.

54079889v1

3. The combined total of the Default Final Judgment is forty six thousand twenty two dollars and thirty cents, ($46,022.30) which shall bear interest at the statutory rate per annum, for all of which let execution issue.

4. A copy of the Default Final Judgment is attached as Exhibit "1".

3. The Plaintiff believes that the Judgment Defendant will not have in its possession, after execution is issued, tangible or intangible property in the state and in the county in which the action is pending on which a levy can be made sufficient to satisfy the Judgment.

4. The Judgment Creditor obtained, and is the owner and holder of the Judgment against InContact, Inc., which, to date, has not been satisfied by the Judgment Defendant.

5. The Judgment Creditor seeks to garnish all funds or property in any and all accounts or safe deposit boxes held by the Judgment Defendant at and/or by the Garnishee, Citi, in full or partial Satisfaction of the Judgment.

6. Upon information and belief, Citi is indebted to the Judgment Defendant, and is holding property of the Judgment Defendant which is subject to garnishment by the Judgment Creditor pursuant to Fla. Stat. §77.01 *et seq.* and, therefore, the Plaintiff requests that he be granted a Writ of Garnishment against the Garnishee as to whatever tangible and intangible personal property of the Judgment Defendant. that the Garnishee may have in its possession or control.

7. Furthermore, Fed. R. Civ. P. 69, as made applicable to this proceeding by Fed. R. Bank. P. 7069, and Local Rule 7069-1(D) for the U.S. Bankruptcy Court for the Southern District of Florida, authorizes this Court to issue the requested writ of garnishment against the Garnishee as such right is provided to a judgment creditor under Florida law.

8. For the foregoing reasons, the Plaintiff requests that the Court issue a Writ of Garnishment to the Garnishee, Citi, substantially in the form attached hereto.

54079889v1

9.      Accordingly, the Judgment Creditor respectfully requests that this Honorable Court issue or direct the Clerk to immediately issue the Writ of Garnishment attached hereto as Exhibit "2".

**WHEREFORE**, the Plaintiff/Judgment Creditor, Michael R. Bakst, as Chapter 7 Trustee, respectfully requests that the Court issue or direct the clerk to issue a Writ of Garnishment against Garnishee, Citi, garnishing any and all bank accounts, other accounts, and safe deposit boxes, held by the Defendant/Judgment Defendant. InContact, Inc., and grant any other relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated:  April 25, 2023                    Respectfully Submitted,

**GREENSPOON MARDER LLP**

*/s/ Michael R. Bakst*
_____
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
Attorney for the Trustee
CityPlace Tower
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
T:  (561) 838-4523    F:  (561) 514-3423
Email: michael.bakst@gmlaw.com

29511-0585 emb

54079889v1



ORDERED in the Southern District of Florida on February 28, 2023.

Erik P. Kimball, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

TM HEALTHCARE HOLDINGS, LLC, et al

    Debtors.
_____/
MICHAEL R. BAKST, TRUSTEE IN BANKRUPTCY
FOR TM HEALTHCARE HOLDINGS, LLC, et al

    Plaintiff,
vs.

INCONTACT, INC.
a Delaware corporation,

    Defendant.
_____/

CASE NO.: 20-20024-BKC-EPK
Chapter 7
(Jointly Administered)

Adv. Case No. 22-01256-EPK

### DEFAULT FINAL JUDGMENT AGAINST INCONTACT, INC.

THIS MATTER came before the Court in West Palm Beach, Florida, on the 22nd day of February, 2023, pursuant to *Plaintiff's Motion for Default Final Judgment Against Defendant* [ECF No. 11] (the "Motion"). The Court, having entered the *Order Granting Plaintiff's Motion*

*for Default Final Judgment* [ECF No. 15], providing for the entry of this *Default Final Judgment*, having heard argument of the Trustee's counsel, and having been otherwise fully advised in the premises, hereby

ORDERS AND ADJUDGES as follows:

1. Final judgment is entered in favor of the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Treatment Management Company, LLC and against inContact, Inc., a Delaware corporation, on Counts I and V of the *Trustee's Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers Pursuant to 11 U.S.C. §§ 547 and 550 and Florida Statutes § 726; and for Unjust Enrichment*, [ECF No. 1](the "Complaint"), whereby the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Treatment Management Company, LLC, shall have and recover from the Defendant, inContact, Inc., a Delaware corporation, the amount of thirty-four thousand nine hundred fifty-one dollars and eighty-five cents ($34,951.85), together with costs in the amount of three hundred fifty dollars and zero cents ($350.00) for the cost of filing the Complaint, for a total of thirty-five thousand three hundred one dollars and eighty-five cents ($35,301.85) which shall bear interest at the statutory rate per annum, for all of which let execution issue.

2. Final judgment is entered in favor of the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Wellness Counseling & Residential Detoxification Services, LLC and against inContact, Inc., a Delaware corporation, on Counts I and V of the Complaint, whereby the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Wellness Counseling & Residential Detoxification Services, LLC, shall have and recover from the Defendant, inContact, Inc., a Delaware corporation, the amount of ten thousand seven hundred twenty dollars and forty-five cents ($10,720.45), which shall bear interest at the statutory rate per annum, for all of which let execution issue.

3. The address for the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Treatment Management Company, LLC, is P.O. Box 407, West Palm Beach, FL 33402.

4. The address for the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Wellness Counseling & Residential Detoxification Services, LLC, is P.O. Box 407, West Palm Beach, FL 33402.

5. The address for the Defendant, inContact, Inc., is:

inContact, Inc.
75 W. Town Ridge Parkway
Tower 1
Sandy, UT   84070

and

inContact, Inc.
To the Attention of NRAI Services, Inc.,
as Registered Agent for InContact, Inc.
1200 South Pine Island Road
Plantation, FL   33324

and

inContact, Inc.
To the Attention of Paul Jarman
as CEO and Director of InContact, Inc.
75 West Town Ridge Parkway
Tower 1
Sandy, UT   84070

###

Submitted by:
Rilyn A. Carnahan, Esq.
Greenspoon Marder LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL   33401
Telephone: (561) 838-4557

[Rilyn A. Carnahan, Esq., shall serve copies of this order on all interested parties and file certificate of service with the Court]



3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

TM HEALTHCARE HOLDINGS, LLC, et al[1]

    Debtors.
_____/

MICHAEL R. BAKST, TRUSTEE IN BANKRUPTCY
FOR TM HEALTHCARE HOLDINGS, LLC, et al[2]

    Plaintiff,
vs.

INCONTACT, INC.,
A Delaware corporation,

    Defendant.
_____/

    And

CITIBANK, N.A. A/K/A CITIGROUP, INC.
A/K/A CITICORP LLC,

    Garnishee.
_____/

CASE NO.: 20-20024-BKC-EPK
Chapter 7
(Jointly Administered)

Adv. Case No. 22-01256-EPK

## WRIT OF GARNISHMENT AGAINST
## CITIBANK, N.A. A/K/A CITIGROUP, INC. A/K/A CITICORP LLC,

---

[1] The "Debtors" in these chapter 7 cases, along with the case number for each Debtor, are: TM Healthcare Holdings, LLC (20-20024-EPK), Golden Gate Holding Company, LLC (20-20027-EPK), Pacific Addiction and Treatment Company, LLC (20-20028-EPK), SoCal Addiction & Treatment Company, LLC (20-20029-EPK), West Coast Recovery Center, LLC (20-20032-EPK), West Coast Wellness Centers, LLC (20-20029-EPK), Golden Gate Employment Services, LLC (20-20037-EPK), Bass Holding Company, LLC (20-20038-EPK), Treatment Management Company, LLC (20-20025-EPK), Wellness Management Company, LLC (20-20036-EPK), Wellness Counseling & Residential Detoxification Services, LLC (20-20026-EPK), and Bass Employment Services, LLC (20-20040-EPK).

[2] See note 1, *Infra*.

THE STATE OF FLORIDA:
To Process Server of the Jurisdiction:

YOU ARE COMMANDED to summon Garnishee, **Citibank, N.A. a/k/a Citigroup, Inc. a/k/a Citicorp LLC, 5867 Okeechobee Blvd., West Palm Beach, Fl 33417**, to serve an answer to this writ on the **Plaintiff/Judgment Creditor, Michael R. Bakst, as Chapter 7 Trustee (the "Judgment Creditor") c/o Michael R. Bakst, Esq., Greenspoon Marder, LLP, 525 Okeechobee Blvd., Suite 900, West Palm Beach, Florida 33401**, within twenty (20) days after service on the Garnishee, exclusive of the day of service, and to file the original with the Clerk of this Court either before service on the Judgment Creditor's counsel or immediately thereafter, stating whether the Garnishee is holding monies, funds, securities, or any other tangible or intangible property for, or for the benefit of, individually or jointly, the **Defendant/Judgment Defendant, InContact, Inc., a Delaware corporation,** ("Judgment Defendant") at the time of the Answer or at the time of service of the Writ, or at any time between such times, in what form, for what sum, and what tangible and intangible property of the Judgment Debtor the Garnishee has in its possession, custody and/or control at the time of the Answer or at the time of service of this Writ, or at any time between such times, and whether the Garnishee knows of any other person holding monies, funds, securities, or any other tangible or intangible property for, or for the benefit of, individually or jointly, the Judgment Defendant, or who and may have any of such property of the Judgment Defendant in such it's possession, custody, or control.

1. The principal amount due the Judgment Creditor as set forth in the *Motion for Writ of Garnishment* and under the *Default Final Judgment* Against InContact, Inc. [ECF No. 16] in favor of the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Treatment Management

Company, LLC and against inContact, Inc., a Delaware corporation, on Counts I and V of the Trustee's Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers Pursuant to 11 U.S.C. §§ 547and 550 and Florida Statutes § 726, and for Unjust Enrichment, [ECF No. 1] (the "Complaint") is thirty-four thousand nine hundred fifty-one dollars and eighty-five cents ($34,951.85), together with costs in the amount of three hundred fifty dollars and zero cents ($350.00) for the cost of filing the Complaint for a total of thirty-five thousand three hundred one dollars and eighty-five cents ($35,301.85) which shall accrue post-judgment interest in the statutory rate prescribed by law, for all of which let execution issue.

2. The principal amount due the Judgment Creditor as set forth in the *Motion for Writ of Garnishment* and under the *Default Final Judgment* in favor of the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Wellness Counseling & Residential Detoxification Services, LLC and against inContact, Inc., a Delaware corporation on Counts I and V of the Complaint is in the principal amount of ten thousand seven hundred twenty dollars and forty-five cents ($10,720.45), which shall accrue post-judgment interest in the statutory rate prescribed by law, for all of which let execution issue.

3. The combined total amount due to the Judgment Creditor, exclusive of post judgment interest and any subsequent attorney fees and costs that the Court may award pursuant to the Default Final Judgment, is forty six thousand twenty two dollars and thirty cents, ($46,022.30) which shall bear interest at the statutory rate per annum, for all of which let execution issue.

3

**WITNESS MY HAND** and the seal of this Court on the _____ day of _____, 2023.

                                      **JOSEPH FALZONE,**
                                      **CLERK OF COURT**

                                      By:_____
                                              **Deputy Clerk**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:

TM HEALTHCARE HOLDINGS, LLC, et al[1]

    Debtors.
_____/

MICHAEL R. BAKST, TRUSTEE IN BANKRUPTCY
FOR TM HEALTHCARE HOLDINGS, LLC, et al[2]

    Plaintiff,
vs.

INCONTACT, INC.,
A Delaware corporation,

    Defendant.
_____/

And

CITIBANK, N.A. A/K/A CITIGROUP, INC.
A/K/A CITICORP LLC,

    Garnishee.
_____/

CASE NO.: 20-20024-BKC-EPK
Chapter 7
(Jointly Administered)

Adv. Case No. 22-01256-EPK

## WRIT OF GARNISHMENT AGAINST
## CITIBANK, N.A. A/K/A CITIGROUP, INC. A/K/A CITICORP LLC,

---

[1] The "Debtors" in these chapter 7 cases, along with the case number for each Debtor, are: TM Healthcare Holdings, LLC (20-20024-EPK), Golden Gate Holding Company, LLC (20-20027-EPK), Pacific Addiction and Treatment Company, LLC (20-20028-EPK), SoCal Addiction & Treatment Company, LLC (20-20029-EPK), West Coast Recovery Center, LLC (20-20032-EPK), West Coast Wellness Centers, LLC (20-20029-EPK), Golden Gate Employment Services, LLC (20-20037-EPK), Bass Holding Company, LLC (20-20038-EPK), Treatment Management Company, LLC (20-20025-EPK), Wellness Management Company, LLC (20-20036-EPK), Wellness Counseling & Residential Detoxification Services, LLC (20-20026-EPK), and Bass Employment Services, LLC (20-20040-EPK).

[2] See note 1, *Infra*.

THE STATE OF FLORIDA:
To Process Server of the Jurisdiction:

YOU ARE COMMANDED to summon Garnishee, **Citibank, N.A. a/k/a Citigroup, Inc. a/k/a Citicorp LLC, 5867 Okeechobee Blvd., West Palm Beach, Fl 33417,** to serve an answer to this writ on the **Plaintiff/Judgment Creditor, Michael R. Bakst, as Chapter 7 Trustee (the "Judgment Creditor") c/o Michael R. Bakst, Esq., Greenspoon Marder, LLP, 525 Okeechobee Blvd., Suite 900, West Palm Beach, Florida 33401,** within twenty (20) days after service on the Garnishee, exclusive of the day of service, and to file the original with the Clerk of this Court either before service on the Judgment Creditor's counsel or immediately thereafter, stating whether the Garnishee is holding monies, funds, securities, or any other tangible or intangible property for, or for the benefit of, individually or jointly, the **Defendant/Judgment Defendant, InContact, Inc., a Delaware corporation,** ("Judgment Defendant") at the time of the Answer or at the time of service of the Writ, or at any time between such times, in what form, for what sum, and what tangible and intangible property of the Judgment Debtor the Garnishee has in its possession, custody and/or control at the time of the Answer or at the time of service of this Writ, or at any time between such times, and whether the Garnishee knows of any other person holding monies, funds, securities, or any other tangible or intangible property for, or for the benefit of, individually or jointly, the Judgment Defendant, or who and may have any of such property of the Judgment Defendant in such it's possession, custody, or control.

1. The principal amount due the Judgment Creditor as set forth in the *Motion for Writ of Garnishment* and under the *Default Final Judgment* Against InContact, Inc. [ECF No. 16] in favor of the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Treatment Management

2

Company, LLC and against inContact, Inc., a Delaware corporation, on Counts I and V of the Trustee's Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers Pursuant to 11 U.S.C. §§ 547and 550 and Florida Statutes § 726, and for Unjust Enrichment, [ECF No. 1] (the "Complaint") is thirty-four thousand nine hundred fifty-one dollars and eighty-five cents ($34,951.85), together with costs in the amount of three hundred fifty dollars and zero cents ($350.00) for the cost of filing the Complaint for a total of thirty-five thousand three hundred one dollars and eighty-five cents ($35,301.85) which shall accrue post-judgment interest in the statutory rate prescribed by law, for all of which let execution issue.

2. The principal amount due the Judgment Creditor as set forth in the *Motion for Writ of Garnishment* and under the *Default Final Judgment* in favor of the Plaintiff, Michael R. Bakst, Trustee in Bankruptcy for Wellness Counseling & Residential Detoxification Services, LLC and against inContact, Inc., a Delaware corporation on Counts I and V of the Complaint is in the principal amount of ten thousand seven hundred twenty dollars and forty-five cents ($10,720.45), which shall accrue post-judgment interest in the statutory rate prescribed by law, for all of which let execution issue.

3. The combined total amount due to the Judgment Creditor, exclusive of post judgment interest and any subsequent attorney fees and costs that the Court may award pursuant to the Default Final Judgment, is forty six thousand twenty two dollars and thirty cents, ($46,022.30) which shall bear interest at the statutory rate per annum, for all of which let execution issue.

3

**WITNESS MY HAND** and the seal of this Court on the 26th day of April, 2023.

**JOSEPH FALZONE,**
**CLERK OF COURT**

By: _____
 Deputy Clerk

4